# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>THOMAS MYERS,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:08CR671-14DAK |

　　　　　Defendant Thomas Myers has filed a motion for early termination of supervised release. Defendant was sentenced to twelve months and a day incarceration and thirty-six months of supervised release. Defendant has been serving his supervised release for approximately one year.

　　　　　Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed

to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

In connection with his motion, Defendant sent in a letter outlining his conduct while incarcerated and while serving his supervised release as well as letters from family and friends. The letter demonstrates that he has turned his life around and is currently employed and acting responsibly in all aspects of his life. The court has no concerns that Defendant will be a repeat offender and believes that his support system of friends and family are a strong influence for good in his life. However, Defendant seeks release from his supervised release in order to pursue an employment opportunity, which the court has learned he has not communicated about with his Probation Officer. The court contacted Defendant's Probation Officer, who does not recommend terminating Defendant's supervised release until Defendant has served half his term of supervised release. Defendant's Probation Officer, however, stated that he is willing to work with Defendant to enable him to accept these employment opportunities. The court notes that there are already orders in the docket of Defendant's case releasing his passport and allowing him to travel.

Because of the court's concern with Defendant failing to inform his Probation Officer of the employment opportunities that Defendant discussed with the court, the court believes that Defendant should first attempt to work with his Probation Officer about travel and other arrangements that can be made to enable his employment. Neither the court nor Defendant's Probation Officer wants to impede Defendant's opportunity at better employment. However, it is also the court's understanding that his Probation Officer has told Defendant that he should serve

half of his term of supervised release. The court, therefore, denies Defendant's request for early termination of supervised release at this time and instructs Defendant to renew his request in six months.

DATED this 21st day of December, 2012.

_____
DALE A. KIMBALL
United States District Judge