# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY SHIELDS,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE<br><br>Case No. 2:08CR671DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Timothy Shields' motion for early termination of supervised release. On August 20, 2010, the court sentenced Defendant to 24 months incarceration with the United States Bureau of Prisons followed by a 36-month term of supervised release. Defendant was released from custody and began serving his term of supervised release on June 27, 2012. Therefore, Defendant's term of supervised release is not scheduled to terminate until June 27, 2015.

Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and

the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

Defendant has served more than half of his term of supervised release. Defendant states that he would like to resume his normal life with his family and be a positive contributing member of his family, church, neighborhood, and society. Specifically, Defendant states that he would like to be able to help his elderly in-laws in their upcoming move to Southern California. The court has contacted Defendant's probation officer and has learned that he does not oppose early termination. Defendant has complied with all the terms of his supervised release and, according to his probation officer, has already been moved to low intensity supervision. Defendant has been steadily employed, has family and community support, and appears to have turned his life around. Defendant states that while the experience has been painful and difficult, it has also been humbling and instructive. Based on Defendant's conduct during his term of supervised release, the court finds that an early termination of supervised release is warranted. Accordingly, the court grants Defendant's motion for early termination of supervised release.

DATED this 24th day of February, 2014.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge